**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| DENZELL MURRAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:24-cv-600-JMB |
| ) | |
| CITY OF SAINT LOUIS and THE STATE ) | |
| OF MISSOURI, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Denzell Murray's Application to Proceed in District Court without Prepaying Fees or Costs. (ECF No. 3). Having considered the financial information provided by Plaintiff, the Court finds that he is able to pay the filing fee. The Court will therefore deny the Application and order Plaintiff to pay the $405 filing fee within twenty-one (21) days of the date of this Order.

"According to 28 U.S.C. § 1915, this Court may authorize commencement of a suit without prepayment of fees by a person who, in good faith, files an affidavit stating that he or she is unable to pay the costs of the lawsuit." *Andrews v. Nicholson*, 2005 WL 2403449, at *1 (W.D. Mo. Sept. 28, 2005) (citing *Neitzke v. Williams*, 490 U.S. 319 (1989)). The Court follows a two-step process in considering whether the applicant should be permitted to proceed in forma pauperis. *Id.* First, the Court must determine whether the applicant qualifies by economic status. *Id.* Second, the court must determine whether under § 1915(e) the action or appeal is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *Id.*; *see also* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

"The opportunity to proceed in forma pauperis is a privilege rather than a right and should not be used to abuse the Court's process." *Broulette v. Spencer*, 2005 WL 1009577, *1 (W.D. Mo. Apr. 20, 2005) (citing *Williams v. McKenzie,* 834 F.2d 152, 154 (8th Cir. 1987)). "In considering a request to proceed in forma pauperis, the court will compare an applicant's monthly income and cash on hand to [his] monthly expenses and financial obligations." *Bey v. Kelly*, 2021 WL 4713416, at *1 (D. Kan. Sept. 8, 2021). Determining whether an applicant is sufficiently impoverished to qualify under § 1915 rests within the sound discretion of the trial court. *Cross v. General Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983), *cert. denied*, 466 U.S. 980 (1984). A showing that the applicant would be forced to give up the basic necessities of life if he paid the costs is sufficient. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

Plaintiff declares in his Application that he receives $0 in wages per month. (ECF No. 3). In his complaint, however, Plaintiff states that he makes "at least $10,000 a day for content creation and influencing on TikTok[.]" (ECF No. 1 at 6). Thus, Plaintiff's expenses clearly do not outweigh his available funds and there is no indication that Plaintiff would be forced to give up the basic necessities of life if he paid the costs of this lawsuit. For these reasons, the Court will deny Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs (ECF No. 3) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff shall pay the statutory filing fee of $405 within **twenty-one (21) days** of the date of this Order.

  Plaintiff's failure to timely comply with this order will result in the dismissal of this case without prejudice and without further notice.

*/s/ John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 30th day of October, 2024.